IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-00253-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARQUEZ STEVEN FORTE, ) | |
| ) | |
| Defendant. ) | |

On May 17, 2021, Marquez Steven Forte ("Forte" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 68]. On August 11, 2021, Forte, through counsel, supplemented his motion for compassionate release [D.E. 71]. On August 26, 2021, the United States responded in opposition [D.E. 74]. As explained below, the court denies Forte's motion.

I.

On June 27, 2016, pursuant to a written plea agreement, Forte pleaded guilty to distribution and possession with the intent to distribute 100 grams or more of heroin (count one) and brandishing a firearm in furtherance of a drug trafficking crime (count two). See [D.E. 39, 42, 45]. On October 5, 2016, the court held Forte's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 47]; [D.E. 49]; Sent. Tr. [D.E. 67] 4–5. The court calculated Forte's offense level to be 23, his criminal history category to be III, and his advisory guideline range to be 60 to 71 months' imprisonment on count one and 84 months' consecutive

imprisonment on count two. See PSR ¶¶ 55–56; Sent. Tr. at 5. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Forte to 60 months' imprisonment on count one and 84 months' consecutive imprisonment on count two, for a total of 144 months' imprisonment. See [D.E. 50] 3; Sent. Tr. at 5–15. Forte did not appeal.

On September 26, 2017, Forte moved to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and a lack of a record to support his guilty plea to the firearm charge [D.E. 53]. On March 29, 2018, the government moved to dismiss Forte's section 2255 motion [D.E. 57]. On April 16, 2018, Forte replied [D.E. 60]. On February 25, 2019, the court granted the government's motion to dismiss and dismissed Forte's section 2255 motion [D.E. 65, 66].

On May 17, 2021, Forte moved for compassionate release [D.E. 68]. The government opposes the motion [D.E. 74].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. §

2

3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not

---

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

4

provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Forte seeks compassionate release. See [D.E. 68, 71]. Forte unsuccessfully sought administrative relief before filing his motion for compassionate release. See [D.E. 68] 3; [D.E. 71] 2–3; [D.E. 68-1] 2; [D.E. 74-3]. Accordingly, Forte has exhausted his administrative remedies, and the court addresses Forte's motion on the merits.

Forte seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Forte cites the COVID-19 pandemic,[2] his health condition (sarcoidosis), his age,[3] his rehabilitative efforts, and

---

[2] Forte submitted several affidavits concerning COVID-19 and specific conditions at FCI Elkton. See [D.E. 68-3, 68-4]. However, both affidavits were written in April 2020, relatively early

5

his supportive family. See [D.E. 68, 71]. The "medical condition of the defendant" policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Forte argues that his sarcoidosis places him at heightened risk of serious infection from COVID-19, and that if he contracts COVID-19, it could lead to a sarcoidosis flare up. See [D.E. 68]3–4; [D.E. 68-2]; [D.E. 71] 3–6. The PSR does not mention that Forte has any medical condition other than high blood pressure. See PSR ¶ 30. Furthermore, in June 2021, a BOP physician found "[n]o sign of reported sarcoidosis [Forte] said he had as a child." [D.E. 74-2]. The court assumes Forte has a history of sarcoidosis, but the current absence of any sign of it lessens Forte's argument that his sarcoidosis puts him at a heightened risk of serious infection from COVID-19. Furthermore, besides arguing that Forte may not purchase alcohol-based sanitizer and the BOP was delayed in giving Forte a medical check-up during the pandemic, see [D.E. 71] 6; [D.E. 68-2] 2, Forte does not argue he is unable to manage his health conditions while incarcerated or that the BOP is not giving him treatment for his conditions.

Moreover, Forte is fully vaccinated against COVID-19. See [D.E. 51] 18–20; [D.E. 53-1]; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); see also United States v.

---

in the pandemic and before the wide availability of vaccines. And FCI Elkton currently has only two active cases of COVID-19. See http://www.bop.gov/coronavirus (last visited Oct. 29, 2021).

[3] Because Forte is 35 years old, the "age of the defendant" policy statement does not apply. See U.S.S.G. § 1B1.13 cmt. n.1(B)(i). Thus, the court has considered Forte's age under the 18 U.S.C. § 3553(a) factors.

6

Baeza-Vargas, No. No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *3–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts denying compassionate release when an inmate is vaccinated against COVID-19). Being fully vaccinated reduces Forte's risk of serious reinfection. Accordingly, reducing Forte's sentence is inconsistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Forte's health condition, and Forte's rehabilitative efforts are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). At the same time, Forte being fully vaccinated diminishes the weight of that assumption. Cf. Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Regardless, the section 3553(a) factors counsel against reducing Forte's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Forte is 35 years old and is incarcerated for distribution and possession with the intent to distribute 100 grams or more of heroin and brandishing a firearm in furtherance of a drug trafficking crime. See PSR ¶¶ 1–5. Forte possessed at least three firearms in furtherance of his drug trafficking. See id. ¶ 8. Furthermore, when law enforcement tried to pull Forte over after watching him complete several drug deals, Forte fled from law enforcement, driving aggressively and putting other drivers in danger. See id. ¶¶ 7–8. Forte also attempted to obstruct justice by hiding over 1,000 bags of heroin while he was fleeing. See id. ¶ 7. Forte is a recidivist with convictions for possession of a

7

schedule II controlled substance, larceny (two counts), breaking and entering, possession of cocaine, and attempting to flee to elude arrest (two counts). See id. ¶¶ 13–18. Nevertheless, Forte has been productive while incarcerated. He has completed numerous education and vocational courses before and during the pandemic. He is also participating in two First Step Act programs. See [D.E. 68] 9–10; [D.E. 71] 7.

The court must balance Forte's positive rehabilitative efforts with the seriousness of his criminal conduct and his serious criminal history. The court has also considered Forte's potential exposure to COVID-19, medical conditions, and age. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court recognizes Forte has a supportive family who would help him if released, see [D.E. 68] 10–11; [D.E. 71] 7, but Forte has otherwise provided the court with no release plan. See [D.E. 74] 15. Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to treat Forte, the section 3553(a) factors, Forte's arguments, the government's persuasive response, and the need to punish Forte for his serious criminal behavior, to incapacitate Forte, to promote respect for the law, to deter others, and to protect society, the court denies Forte's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Forte's request for home confinement, see [D.E. 71] 7, Forte seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the

8

Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Forte requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court dismisses Forte's request for home confinement.

II.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 68, 71], DISMISSES defendant's request for home confinement.

SO ORDERED. This  1  day of November, 2021.

_JAMES C. DEVER III_
United States District Judge